GEORGE BENTLEY *vs.* EDWIN J. MILLS.

Bristol.    October 23, 1899. — October 24, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Right of Way — Deed — Evidence.*

At the trial of an action for the obstruction of an alleged right of way it appeared that the plaintiff and the defendant purchased their respective premises, by auction, of the same grantor who had previously held the premises in common, and had used the space between the buildings as a way to the rear. Nothing was said in the deed to the defendant about the way, and the deed to the plaintiff was not offered in evidence. *Held,* that the grantor could not be asked if at the time of the auction and before the sale anything was said about the way as used by him, and, further, if at that time any inquiry was made as to the use of the way.

TORT, for damages sustained by the fencing up of a way by the defendant over and upon which the plaintiff claimed the right to pass and repass as appurtenant to his own land. At the trial in the Superior Court, before *Fessenden,* J., there was evidence tending to show that prior to September 21, 1895, both the premises of the defendant and the plaintiff were owned for about five years by one Kershaw as one tract; that on the northerly portion of the premises there was a four tenement block with stores in the basement, and on the southerly portion there was another large block and a cottage house; that Kershaw during his ownership used the space between the blocks as a passageway and for all other purposes from the street to the rear of his premises, either by carriage or otherwise; that on September 21, 1895, Kershaw sold the premises by public auction, and that the defendant then bought the northerly part with a large block, and the plaintiff the southerly part with the large block and cottage house.

Nothing was said in the deed to the defendant about the way referred to; and the deed to the plaintiff was not offered in evidence. The counsel for the plaintiff asked Kershaw if at the time of the auction and before the sale anything was said about the way between the buildings as used by him. The defendant objected to the question and it was excluded. The plaintiff

further asked if any inquiry was made at the time of the auction and before the sale as to the use of the way. This question was also objected to and excluded.

The judge refused to rule as the plaintiff requested, that he had a right to the way and to use the same as appurtenant to his premises, and ordered the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*J. C. Blaisdell,* for the plaintiff.

*F. A. Pease,* for the defendant.

BY THE COURT. It must be assumed that the plaintiff's deed did not purport to give him a right of way. It did not appear that such a way was necessary to the plaintiff's land at the time of the conveyance by the common grantor, or even that a way was formed and established over the land in question. It merely appeared that the common owner used the land in question for a passage among other purposes, as he might use any land belonging to him. This is not enough to affect the construction of the deed, if the deed had been put in evidence, and it is not material in any other aspect. The same thing is true of what may have been said by the auctioneer before the deed was executed.          *Exceptions overruled.*